Case number 22-5154, Jason Payne, the felon, v. Joseph R. Biden, Jr., President, Mr. Hamilton for the felon, Mr. Winnick for the police. Morning, Mr. Hamilton, we'll hear from you. Morning, may it please the court. Dean Hamilton, on behalf of Jason Payne, plaintiff. Did Congress, by a federal court's jurisdiction, over all civil actions arising under the Constitution of the United States, 28 U.S.C. 1331? Does the judiciary have a strong interest in preserving the separation of powers that's been established in our Constitution? And should a federal court determine, without any textual basis whatsoever, that a statutory scheme precludes federal court jurisdiction over a pre-enforcement separation of powers constitutional claim? This court should reverse the decision and remand this case to the district court for adjudication on the merits, because the Civil Service Reform Act does not preclude district court jurisdiction over the type of claim brought by Mr. Payne, which in this case was a pre-enforcement constitutional separation of powers case. Under your theory, what gives you a cause of action? What is the cause? The cause of action for Mr. Payne, he had three complaints. One was a violation of separation of powers. Second was an unconstitutional condition placed on his employment. And third was a violation of his liberty rights. But under what statute do those arise? What's the statutory basis for the causes of action? His claims arise under the Constitution of the United States itself. His claims do not arise under some dispute under the Civil Service Reform Act. Well, my question is, even if someone said, you know, something unconstitutional was done to me that violates equal protection or the First Amendment or something, then they're filing, are they filing under 1983? Are they filing under 1981? Are they filing under what? What is he filing under? At the very least, a challenge that would be viable under 1983, but I'll just, I don't have, I don't have that on my time. I think 1983 doesn't apply to the federal government. I'm sorry. So, fundamental liberty rights are the same rights that he's alleging arise under Glucksberg's progeny about the fundamental liberty right that belongs to every United States citizen from being an interest in privacy and bodily integrity. So, that's not necessarily based on some specific statute. It's based on that right in and of itself. The cause of action for his claims against the President of the United States and against the task force and the other defendants in the case arise under the Constitution itself. Let me, let me shift a little bit. There's something in your brief, I don't have it in front of me, but you say in order for something to be a proposed advert action under this new structure, it requires a specific this, a specific that, a specific this, a specific that, and it's got to be in writing. And in particular, it's got to be addressed to a specific person like me. What's the authority for that? Where do I go to find out if you're right about that? The Civil Service Reform Act. Well, where do I go to, yeah, basically, yes, but I mean, I would even let you go beyond that. You seem, I guess, yes, under the Civil Service Reform Act, it refers to a proposed, quote, proposed adverse action. You say, well, that's not what's going on here because there wasn't specific written notice to Haines specifically regarding a specific suspension or fire. And that actually seems like it might be right. I mean, I'm, I'm, I'm open to that, that proposed adverse action requires that kind of specificity. But I can't just take your word for it. I need to know what authority stands for that. Thank you, Judge. I believe that the Civil Service Reform Act is implementing regulations from the practices of the federal agencies themselves. At the very least, it's not directly state as much, indicate as much from their practice. There are no personnel actions that are not proposed on a widespread basis that are subject to the CSRA without some kind of individualized determination. It just, it just does not happen. There is a specific individual warning provided or a writing in, is provided to an individual employee about a specific action that's going to be proposed to be taken, usually issued by the agency in question to the, to the employee. Then they're able to respond. They're able to consult with counsel. All of this arises in the context of specific adverse actions being taken against a specific employee. I'm going to shift again to the question of whether this is a workplace condition. You argue very strongly in the brief that in light of NFIB, the OSHA, that vaccine mandate cannot be considered a workplace condition. He's been required to wear a mask. He's had restricted travel, a few other things as a result of defying the vaccine mandate. And I think there would be agreement among the parties that being required to wear a mask at work is a workplace condition. You say, well, you're not challenging the mask requirement at work. But it seems like a pretty easy way to resolve this case is to say, certainly a mask requirement at work is a workplace condition. And in this case, the mask requirement is bound up in the vaccine mandate. The mask requirement is part and parcel of the vaccine mandate. And so he can challenge the mask requirement, which is imposed as part of the vaccine mandate, as a workplace condition. He can challenge the mask requirement as a workplace condition. That will allow him to adjudicate not just administratively with the Merit Protection Board, but also eventually with the federal circuit, whether the imposition of the mask mandate as part of a vaccine mandate. Is legal or not, in which case you get into federal court that. Am I right about that? I don't I don't know that it's specifically the case that Congress intended. Setting aside whether this mask mandate constitutes a workplace condition. Don't set it. I will let you finish, but said that is a mask is a requirement to wear a mask at work, a workplace condition. Under certain circumstances, under this circumstance, under this circumstance. I don't think that we're alleging that it is. I mean, I'm asking I'm asking you if it is. It could be, but the point right now, Mr. Mr. Payne, his agency is employing agency as subsequently withdrawn any requirements where mass workforce. No, there's no longer exist in any restrictions on travel. No restrictions on his entry to the office building. Everything now comes back to the same place that it was again, which is the imposition of this vaccine requirement. The mask mandate was subsidiary to. But I would say about the requirement, potential eventual availability of a challenge. Hypothetically, an employee could challenge a mask mandate as a workplace condition. Hypothetically, down the line, how is he injured right now? Three right now, his injury remains this requirement to be back under threat of potential removal from federal service. Well, I could say that there's going to be a ten minute time limit on your argument today. But if I don't enforce it, you're not injured by it, right? Oh, I don't know. I think that the injury here comes from not only the potential of enforcement in and of itself, but it's the interim effect and the effects that could have come to Mr. Payne who has. Why isn't the injury right when there is a proposed employment action against your client? So then there's an injury, then there's a cause of action, then they're standing and then you have a remedy. Why are we talking about this now? May I respond to this? Yeah, I don't want to injure you. So you can you can you can respond. That's a good judge that there there is a set of circumstances under the fact pattern here, where if the agency had proposed an adverse act, if the agency had taken action against Mr. Payne, where potentially he could down the line bring his challenges there. But there is no evidence in the text, the Civil Service Reform Act or applying Thunder Basin or Eldon, which is limited to an adverse personnel action that was taken. The events is a preclusion of the general jurisdiction of federal courts in the 1331 to entertain these types of systemic challenges to unconstitutional conditions placed on federal employees. So what about and the district court emphasizes, of course. The provision for going to the special counsel and using that procedure and then following through as Walker. Summarize. Well, you certainly could, although depending on what I could, isn't that the end of your argument, then, that the statutory scheme. Eliminates any ability. By your client. To challenge, much less obtain judicial relief. That he seeks. I don't believe so. I don't believe so. Why not? If we were to take that hypothetical and we were applying the. We were applying. Under base. No, what I'm saying is taking the allegations in your complaint. Even assuming the same change of circumstances. If we can get over all the hurdles, you can't cite any statutory basis. You'd have any injury right now. There may be one in the future. But right now. And so. This is shifting. I realized, but. Your whole point starts with the premise that the statutory scheme. A is not comprehensive and B, even if it is, it doesn't give your client. Any avenue to relief. It's not that there is no avenue for relief at some point in time. I'm talking about right now. Right now, as it stands right now, there has been no proposed. Individual action taken against this pain. There has been no adverse action deployed. There has been nothing taken that would put him within the parameters of the provision. Your complaint, however. Contradicts that. And I think that's some of the troubling part of this case. Some of your argument is very persuasive, but you can't overlook what your client has alleged. He's talking about humiliation. He's talking about all kinds of other things that has affected his ability to carry out his job, etc. Those are the allegations. Rogers, I agree that those are allegations that illustrate the standing to get into court and to illustrate the harm that has come to him from the imposition of this vaccine requirement. But I disagree with the notion that that puts him within the realm of the. The reasons outlined in our. No, no, no, no. I know what you said in your brief and you basically lied. This whole process. Even though the district court. Opinion. Emphasized it and responding to some of your arguments. That's what I'm not clear about. Judge Walker has raised a fundamental question. Judge Wilkins has raised this fundamental question. It seems to me I'm raising a fundamental question. Mr. Hamilton, do you have a response? Yes, I. Apologize if I misheard that Rogers. I just wanted it. Did she say that our that our complaint. Why is that? Did I understand that correctly or. No, I said, here are the allegations in your complaint. We are to take them true as true at this point. I made no accusation or implication. That what was alleged in the complaint was not true or that your client lied. So, erase that from any assumption of any question or response. All right. Do you have any further response to judge Rogers or anyone else? I would just ask that this court reverse the judgment below because it's not explicitly proclaims the pain's claim. The reason stated. All right. Any other questions? Judge Walker judge Rogers? No, thank you. All right. We'll give you a couple minutes on rebuttal. We'll hear from Mr. Rogers. Mr. Winnick, on behalf of. Good morning, your honor, maybe support in winning the government plaintiff brought the suit as a preemptive challenge to adverse employment act. The CSRA allows him to seek judicial review of any such action only once it is both. It's in section seventy five thirteen D. If an action is nearly proposed, not yet taken. The CSRA is clear that an employee is entitled to administrative notice. Let me ask, has it been proposed? Is there a proposed adverse action? I know that he might not. I know that he can't get into federal court with a mere proposed adverse action. But he can get to the office of special counsel or something like that. Has there been a proposed adverse action? We haven't taken the view that an action here has been proposed. I also don't think that's relevant even to the question whether he can get to OSC, whether he can get to OSC to get there. He has to bring a complaint that there's been a prohibited personnel practice. But our principal argument here is not that this is that this suit is precluded because he has a preenforcement review. It's that this suit is precluded because he had the CSRA gives him a means of post enforcement judicial review. And he's trying to end on that process by seeking. I get that. And I have some questions about that in a minute. But I'm just trying to figure out. He says this is a workplace condition. And he says this is a proposed adverse action. And I'm wondering if he's right about both of those, one of those or neither. We have not taken a position on those issues. We have not suggested that he's wrong about those where it needs to say he's wrong about those in order to affirm the dismissal of this. The reason this suit is precluded is that he's trying preemptively to challenge. It sounds like you are saying we shouldn't care and maybe we shouldn't care if he's right or not. But assume I care. It would be good to have some help from you on whether he's right. This is a proposed action and whether he's right. This is a workplace condition. I'm not trying to be coy. The reason I'm not taking a firm position as to whether it's a proposed adverse action. It's for the Office of Special Counsel to resolve if someone brings a complaint. And I frankly don't know what view they would take of that. And I don't have authority to get ahead of them on that. I guess we should say I think this is fair to you, but to him as well. That it's possible this is not a workplace condition and it's possible this is not a proposed adverse action. I think that's correct. Let me ask a more general question on law fed courts. True or false? It's possible that a federal employer can plan to violate the constitutional rights of a federal employee. And the federal employee will have no access to an Article III court before enforcement. So I think as we pointed out in our briefs, there are various ways in which an employee can sometimes seek reinforcement. The most basic of which is to go to the Office of Special Counsel. It is a prohibited personnel practice to violate the constitutional rights of an employee. If the OSC finds violation, it can seek corrective action from the MSPB. And if the MSPB denies it, the employee can then go to the federal circuit. That's one means of reinforcement review. Another just sort of in I think the hypothetical realm is mandamus from the federal circuit. But you said it's possible he's not going to be able to avail himself of that MSPB federal circuit route because it's possible this is not a workplace condition, right? That's right. A workplace condition is not the only type of personnel action that can be the basis for finding of a prohibited personnel practice. So there's various other kinds of personnel actions, including like taking disciplinary action. So you don't have to think it's a workplace, either in your hypothetical or in this case, you don't have to think it's a workplace. So is this I'm not talking about the president's vaccine mandate for federal employees. Is that a personnel action? The mere requirement is not a personnel action unless you think it's a change in workplace conditions. So you're saying that in your hypothetical, there are various ways an employee there are various paths by which an employee would seek a reinforcement review. It's not so much a hypothetical as I am. I'm asking for a case, you know, precedent or some kind of other authority that would that would stand for this proposition. There will be some instance when a federal employer planned to violate the constitutional rights of the federal employee. And yet. That employee cannot get to an article three court. Pre-enforcement. So the best case I have, Your Honor, is AFG versus Trump, which is a case from the recent case from this board applying Thunder Basin analogy. Where various unions sought to challenge executive orders governing federal labor management relations, including on constitutional grounds. And the court said the Supreme Court made very clear in Thunder Basin that you do not have a right to pre-enforcement judicial review. Congress can and has permissibly channeled the review of those claims into post-enforcement proceedings. The court, you know, noted that that was very clear from the Supreme Court's decision in Thunder Basin. And that's the reason that this whole issue. And the name rings a bell, but if I go reread that case, it's going to say, at least in that case. Possible constitutional violation of federal employees' rights. No access to Article three courts. Pre-enforcement of the planned constitutional violation. Yes, Your Honor. So in that case, unions sought to bring a pre-enforcement challenge to executive orders affecting federal employees, including on constitutional grounds. They argued that they had the right to do that because, and this is from the court's opinion, the CSRA scheme, quote, does not provide for meaningful judicial review because they are unable to obtain pre-implementation review of the executive orders. And this court found that argument, quote, foreclosed by Thunder Basin, as well as this court's prior decision in AFG versus Secretary of the Air Force. And it explained, quote, Thunder Basin instructs that the unions are not necessarily entitled to raise a pre-implementation challenge in the district court and that Congress may require them to litigate their claims solely through the statutory scheme, at least so long as they can eventually obtain review and relief. And it noted this court said the same in air. And that was that was the CSRA. So long as they can eventually obtain relief post-enforcement. Post-enforcement, yes. As is the case here. If any adverse action is eventually taken. And of course, there's no imminent prospect of that because the whole enforcement of this whole environment has been enjoined by the District Court of Texas. And that's, you know, on appeal in the Fifth Circuit. So there's no imminent prospect. But if he is eventually subject to any major adverse employment action, he can appeal that to the MSPB. He can seek review of any adverse MSPB determination in the federal circuit. And the federal circuit is completely capable of reaching and resolving all of this. And that's a sufficient basis on which to refer. Let me give you a hypothetical. I think I know the answer to it. Let me just double check. Imagine a federal employer says to its employees. Female employees have to work an hour later every day without. And if you don't, there will be. We have maintained the option of fire. And a female employee wants to challenge that before she has been fired. And you're saying it's possible under our constitutional and statutory scheme that that female employee would not be able to adjudicate that question in federal court. Until she waits for the fire. So that specific hypothetical, Your Honor, sounds a lot like a prohibited personnel practice. I mean, one of the prohibited personnel actions is a change in duties. And it's a prohibited practice to do it on a basis that violates constitutional rights. So she can bring a claim to the OSC, which can both seek a say of it and seek to see corrective action in the MSPB. So I think in that particular hypothetical, she probably can get reinforcement review. But to the extent that she can't, this court has made clear that it does not render judicial review meaningless for it to happen post-enforcement. And that's probably because under the CSRA, what among the forms of relief the employee can get if he or she ultimately prevails on a claim is back pay, reinstatement, attorney's fees. So it really is a meaningful form of judicial review, even if it comes post-enforcement. Any other questions? Judge Rogers? Judge Walker? No, thank you. Thank you, counsel. Mr. Hamilton, we'll give you two minutes for rebuttal. We'll waive our rebuttal. All right. Thank you. We'll take the case under advisory.
judges: Wilkins, Walker, Rogers